IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02465-BNB

DAVID LEMAR POWELL,

    Applicant,

v.

ANGEL MEDINA, Warden, Fremont Correctional Facility, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DRAWING CASE

---

    Applicant, David Lemar Powell, is a prisoner in the custody of the Colorado Department of Corrections (DOC) and is currently incarcerated at the Fremont Correctional Facility, in Canón City, Colorado.  Mr. Powell has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  He challenges the validity of his conviction and sentence in Case No. 03CR2741 in the El Paso County, Colorado, District Court. Also pending is Mr. Powell's "Motion and Request for a Stay and Abeyance" (ECF No.  4).

    In an October 10, 2012 Order, Magistrate Judge Boyd N. Boland directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  After obtaining an extension of time, Respondents submitted a pre-answer response on November 23, 2012.  Mr. Powell was afforded an opportunity to file a reply to the pre-answer response.

The Court must construe liberally the Application filed by Mr. Powell because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn to a district judge and to a magistrate judge.

## I. Background and State Court Proceedings

An El Paso County District Court jury found Mr. Powell guilty of first degree sexual assault. The trial court subsequently convicted him of two habitual criminal counts. On direct appeal, the Colorado Court of Appeals reversed the conviction, vacated the habitual criminal adjudication, and remanded the case for a new trial. *See People v. Powell* (*Powell I*), 04CA0475 (Colo. App. Feb. 16, 2006) (unpublished).

A second trial was held in August 2007. The jury convicted Mr. Powell of first degree sexual assault. The trial court then convicted Applicant of two habitual criminal counts and sentenced him to an indeterminate prison term of thirty-six years to life with the DOC.

The Colorado Court of Appeals affirmed the conviction in *People v. Powell* (*Powell II*), 07 CA1896 (Colo. App. Dec. 10, 2010) (unpublished). The Colorado Supreme Court denied certiorari review on October 11, 2011.

On March 5, 2012, Mr. Powell filed a motion for post-conviction relief pursuant to Colo. R. Crim. P. 35(c). (ECF No. 14-1, at 2). The state trial court denied the motion on March 8, 2012. (*Id.*). Applicant did not file an appeal. Instead, he filed a motion for

reconsideration on March 21, 2012, which the trial court denied on March 26, 2012. (*Id.*). Mr. Powell did not file an appeal.

Mr. Powell initiated this action on September 17, 2012. He asserts three claims in the Application: (1) the prosecutor violated his right to an impartial jury by eliciting testimony that witnesses were truthful; (2) the prosecutor violated his right to a fair trial by questioning biased potential jurors; and, (3) the evidence was insufficient to support his habitual criminal convictions. (ECF No. 1).

## II.  Timeliness of Application

Respondents concede, and the Court finds, that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d)(1). (ECF No. 11, at 3).

## III.  Exhaustion of State Remedies

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534. A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Respondents concede, and the Court finds, that Applicant exhausted state remedies for his claims. Applicant presented all three of his claims to the Colorado appellate courts as federal constitutional issues in his direct appeal proceeding. (*See generally* ECF Nos. 14-3, 14-5).

**IV.  Motion to Stay**

At the time Mr. Powell initiated this action, he also filed a "Motion and Request for a Stay and Abeyance" (ECF No. 4), asking the Court to stay the Application because of an unexhausted claim that is pending before the El Paso County District Court.  The copy of the Register of Actions attached to the Pre-Answer Response shows that no post-conviction motions have been filed in Mr. Powell's criminal case since he filed a motion for reconsideration on March 21, 2012, which was denied by the state trial court on March 26, 2012.  Subsequently, Mr. Powell filed a motion for free transcripts and a motion for a copy of the Register of Actions.  Neither qualifies as a state post-conviction motion. *See generally May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003). Furthermore, Mr. Powell does not describe what additional claim he raised in the allegedly "pending" post-conviction motion that he would also include in his § 2254 Application.  Because Mr. Powell provides no support for his allegation that he filed a post-conviction motion in the state trial court after March 26, 2012, and the record refutes his assertion that a post-conviction motion is pending, the Court will deny the motion to stay.  Accordingly, it is

ORDERED that the "Motion and Request for a Stay and Abeyance" (ECF No. 4), is **denied** as unsubstantiated.  It is

FURTHER ORDERED that this case shall be drawn to a district judge and a magistrate judge.  *See* D.C.COLO.LCivR 8.2D.

DATED February 5, 2013, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge